# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NJUH VALENTINE FOMBE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 26-CV-10578-AK |
| ) | |
| WARDEN, FMC DEVENS, ) | |
| ) | |
| Respondent. ) | |

## ORDER

**KELLEY, D.J.**

On December 29, 2025, Petitioner Njuh Valentine Fombe, an inmate serving a federal sentence at the Federal Medical Center, Devens ("FMC Devens"), filed a *pro se* Petition for Writ of Habeas Corpus in the U.S. District Court for the District of Maryland. See Fombe v. Warden of FMC Devens, No. 25-CV-04300 (D. Md. Dec. 29, 2025) [Dkt. 1]. On January 20, 2026, Fombe filed a Petition for Default which was entered on the docket as a Supplement to the Petition. Id. at Dkt. 2. On February 4, 2026, the Petition, which was originally construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255, was withdrawn from his underlying criminal case and reclassified as a Petition for Writ of Habeas Corpus, at Fombe's request. Id. at Dkt. 4. The case was also ordered transferred to the U.S. District Court for the District of Massachusetts. Id. at Dkt. 4. On February 5, 2026, the matter was randomly assigned to this Court. [Dkt. 6]. For the reasons set forth below, Fombe's [Dkt. 1] Petition for Writ of Habeas Corpus is **DENIED**.

Fombe's Petition has not been served pending the Court's preliminary review of the pleading. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of

habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1]

Here, Fombe claims that "the originating Court violated the Petitioner's unalienable right of due process protected under the 5th Amendment, violated the Petitioners' unalienable right of an untainted Grand and/or Petit Jury protected under U.S. Const Art. 3 SEC 2; 5th and 6th Amendment, Violated the Petitioner's unalienable right to be heard in a Common law Court, Violated the affirmative obligation which cannot be waived by neither party to a Case, imposed by Article 3 Section 2 of the United States of America Constitution that Mandates 'the trial of all crime . . . 'Shall' be Jury, and proceeded by summary judgments which evidences it was not a Court of Record." [Dkt. 1 at 1]. Fombe seeks habeas relief pursuant to 28 U.S.C. §§ 2242 and 2243. [Id. at 2].

A search of the electronic records of the United States Courts shows that Fombe was indicted in the District of Maryland and pleaded guilty to violations of 18 U.S.C. §§ 1349 (conspiracy to commit wire fraud), 1956(h) (conspiracy to commit money laundering), and 1028A (aggravated identify theft). See United States v. Fombe, 19-CR-00452-DKC-1.[2] He was sentenced to a term of imprisonment of 144 months, consisting of 120 months concurrent on

---

[1] The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Proceedings. Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; see McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).
[2] The Court takes judicial notice of these proceedings. See Wiener v. MIB Grp., Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Law Offs. of David Efron v. Matthews & Fullmer L. Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

Count 1 and 2, and a consecutive 24 months on Count 3. Id. On December 15, 2025, the Fourth Circuit affirmed Fombe's conviction. See United States v. Fombe, No. 24-4271 (4th Cir. Dec. 15, 2025).

Here, Fombe's Petition does not set forth a basis for relief in this Court. Although the district court has the power to issue a writ of habeas corpus if a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241, caselaw is clear that the proper vehicle for a collateral challenge to a criminal conviction and/or sentence is through a motion filed under 28 U.S.C. § 2255 with the sentencing court. "Congress enacted 28 U.S.C. § 2255 as a substitute for the traditional habeas remedy with respect to federal prisoners." Ramos-Martinez v. United States, 638 F.3d 315, 320 (1st Cir. 2011) (quoting Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008)). Thus, a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241 unless it appears that a motion under § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This "savings clause" is construed very narrowly. See Jones v. Hendrix, 599 U.S. 465 (2023).

Because Fombe was sentenced in the District of Maryland, he cannot seek relief under § 2255 in this Court and the Court takes no position whether Fombe could or should seek relief under § 2255. Fombe has not shown that a motion under § 2255 is inadequate or ineffective to test the legality of his detention. In fact, Fombe simply states that he seeks to bring this action pursuant to 28 U.S.C. §§ 2242 and 2243, and he has not addressed the restrictions on filing § 2255 petitions.

In light of all the above, the Court finds that the instant case seeks § 2255 relief through a § 2241 petition, and that § 2255 is not an inadequate or ineffective remedy to test the legality of

3

Petitioner's detention.  Consequently, this Court lacks jurisdiction to consider Petitioner's habeas challenges under § 2241.

For the foregoing reasons, the Petition is **DENIED**.  This action is **DISMISSED**.

**SO ORDERED.**

Dated:  April 2, 2026
/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge